UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET TORRES, : | |
| on behalf of herself and all others : | |
| similarly situated, : | Civil Action No. 14- |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | JURY TRIAL DEMANDED |
| ASSET ACCEPTANCE, LLC, : | |
| : | |
| Defendant : | |

## CLASS ACTION COMPLAINT

### I.  INTRODUCTION

1. This is a consumer class action brought on behalf of consumers against a debt collector for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). These laws prohibit debt collectors from engaging in false, deceptive, misleading or unfair collection practices.

### II.  JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III.  PARTIES

4. Plaintiff Margaret Torres is an adult individual residing in Pennsylvania.

5. Defendant Asset Acceptance, LLC ("Asset") is a wholly owned and operating subsidiary of Encore Capital Group. Asset states on its website that "Combined, Encore and Asset Acceptance have purchased over 60 million individual consumer accounts, including credit card,

telecommunications, consumer loans and other related assets, with a face value of over $130 billion." *See* www.assetacceptance.com. Asset thus purchases defaulted consumer debt for the purposes of attempting to collect such debt. At all times material hereto, Asset was a "debt collector" as that term is contemplated in section 1692a of the FDCPA. Asset has its corporate headquarters in Warren, Michigan, and a place of business located at 781 Far Hills Drive, Suite 100, New Freedom, Pennsylvania 17379.

### IV.   FACTUAL ALLEGATIONS

6.   On October 7, 2013, Plaintiff filed a Chapter 13 bankruptcy in the United States Bankruptcy Court for the Eastern District of Pennsylvania, case number 13-18786-bif.

7.   On or about November 22, 2013, Defendant filed a Proof of Claim in the aforesaid bankruptcy case seeking payment for an alleged debt in the amount of $1,296.86 for "money loaned" by Household/Orchard Bank. A true and correct copy of the Proof of Claim is attached hereto as Exhibit A.

8.   The alleged debt at issue arose out of transactions which were primarily for personal, family or household purposes.

9.   The Proof of Claim was a representation or means used in connection with the attempt to collect a debt and was an effort to obtain payment by legal proceeding.

10.   The Proof of Claim admitted that the last transaction and payment date was June 10, 2002, over eleven years prior to the Plaintiff's bankruptcy filing, and that the debt was charged off on January 31, 2003, over ten years prior to the bankruptcy filing. *See* Exhibit A, page 3.

11.   The statute of limitations for any breach of contract claim in the Commonwealth of Pennsylvania is four years from the date of the breach. *See* 42 Pa.C.S.A. § 5525.

12. Defendant's Proof of Claim sought payment of a debt that was barred by the Pennsylvania statute of limitations.

13. Threatening or attempting litigation to collect a debt barred by the statute of limitations is a violation of the FDCPA. *See Huertas v. Galaxy Asset Management*, 641 F.3d 28 (3d Cir. 2011).

14. Defendant's filing of its Proof of Claim violated the FDCPA in the following manner:

(a) using false, deceptive or misleading representations or means in connection with the collection of debt, in violation of section 1692e;

(b) falsely representing the character, amount or legal status of the debt, in violation of section 1692e(2);

(c) using a false representation or deceptive means to collect or attempt to collect a debt, in violation of section 1692e(10);

(d) using unfair or unconscionable means to attempt to collect a debt, in violation of section 1692f, *see Crawford v. LVLV Funding, LLC*, 2014 WL 3361226 (11th Cir. 2014);

(e) otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt from the Plaintiff.

15. The acts of Defendant as above described have caused Ms. Torres harm.

16. Defendant knew or should have known that its actions violated the FDCPA. Defendant could have taken steps necessary to bring its collection activity into compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## V.  CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All consumers in the in the United States of America and its territories as to whom, during the one year prior to the filing of this action and continuing through the resolution of this action, Defendant filed a proof of claim in a bankruptcy case where the breach of the contract had occurred prior to the expiration of the applicable statute of limitations.

18. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Defendant regularly collects or attempts to collect debt from consumers through the filing of proofs of claim in bankruptcy cases.

19. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members. The principal common questions include whether the Defendant violated the FDCPA by attempting to obtain payment of a time-barred debt by filing a proof of claim in a debtor's bankruptcy case.

20. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

21. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims involving unfair collection and unlawful business practices. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim.

22. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of

4

conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

23. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA are $1,000.00. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many class claims. The identities of the Class members may be obtained from Defendant's records.

## VI. CLAIMS

### Count One – FDCPA

24. Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

25. Plaintiff is a "consumer" within the meaning of section 1692a(3) of the FDCPA.

26. Defendant is a "debt collector" within the meaning of section 1692a(6) of the FDCPA.

27. Defendant's filing of a proof of claim is a "communication" relating to a "debt" as defined by sections 1692a(2) and 1692a(5) of the FDCPA.

28. Defendant violated the FDCPA as to Plaintiff and the Class. Defendant's violations include, but are not limited to, violations of sections 1692e and 1692f of the FDCPA, as evidenced by the following conduct:

(a) using false, deceptive or misleading representations or means in connection with the collection of debt, in violation of section 1692e;

  (b) falsely representing the character, amount or legal status of the debt, in violation of section 1692e(2);

  (c) using a false representation or deceptive means to collect or attempt to collect a debt, in violation of section 1692e(10);

  (d) using unfair or unconscionable means to attempt to collect a debt, in violation of section 1692f; and,

  (e) otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt from the Plaintiff.

  29. Defendant's actions as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's and the Class's rights under the law and with the purpose of coercing Plaintiff and members of the Class to pay alleged debt.

  30. As a result of the violations of the FDCPA, Defendant is liable to the Plaintiff and members of the Class for actual damages, statutory damages, costs and attorney's fees.

## VII. JURY TRIAL DEMAND

  31. Plaintiff demands trial by jury as to all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

  (a) That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;

  (b) That judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

  (c) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(d) That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and,

(e) That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

Dated:  November 13, 2014          BY:     _/s/ James A. Francis_____
James A. Francis
David A. Searles
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

*Attorneys for Plaintiff and the Class*