IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARGARET TORRES,                    :    CIVIL ACTION
on behalf of herself and all        :    No. 14-6542
others similarly situated,          :
                                    :
          Plaintiff,                :
                                    :
     v.                             :
                                    :
ASSET ACCEPTANCE, LLC,              :
                                    :
          Defendant.                :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    April 7, 2015


     Plaintiff Margaret Torres ("Plaintiff"), on behalf of
herself and a putative class, brings this action against Asset
Acceptance, LLC ("Defendant") alleging violation of the Fair
Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.
Defendant has moved to dismiss. This case requires the Court to
confront, in the context of a Chapter 13 bankruptcy, the
interaction and apparent conflict between two Congressionally
created statutory schemes: the FDCPA and the Bankruptcy Code.
For the reasons that follow, the Court will grant the motion to
dismiss.[1]

_____

[1]     The facts and allegations in this case are virtually
identical to those in a companion case, Torres v. Cavalry SPV I,
LLC, No. 14-5915, which the Court also decides today. With the

I.   **FACTUAL BACKGROUND**[2] **AND PROCEDURAL HISTORY**

On October 7, 2013, Plaintiff filed for bankruptcy under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania. Am. Compl. ¶ 6. On or about November 22, 2013, Defendant filed a proof of claim for an alleged debt of $1,296.86, related to "money loaned" by Household/Orchard Bank. Id. ¶ 7. Per the proof of claim itself, the last transaction and payment date was June 10, 2002, which placed the claim well outside Pennsylvania's four-year state of limitations period for breach of contract claims. Id. ¶¶ 10-11. Plaintiff now alleges that Defendant's filing of the proof of claim on time-barred debt violates the FDCPA.

On February 2, 2015, Plaintiff filed an Amended Complaint in this action, bringing one count, for violation of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(2), (10), and 1692f, and requesting actual damages, statutory damages, and costs and attorney's fees under § 1692k(a). ECF No. 15. On February 23, 2015, Defendant renewed its motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). ECF No. 20. Plaintiff has submitted

---

exception of a few comments directed at Defendant's particular arguments here, the opinion below follows that in Cavalry.

[2]      The parties do not dispute the facts in this case.

her response (ECF No. 21) and Defendant its reply (ECF No. 22). The motion is now ripe for disposition.

## II.   STANDARD OF REVIEW

A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering such a motion, the Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." DeBenedictis v. Merrill Lynch & Co., 492 F.3d 209, 215 (3d Cir. 2007) (internal quotation marks removed). To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Although a plaintiff is entitled to all reasonable inferences from the facts alleged, a plaintiff's legal conclusions are not entitled to deference and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

The pleadings must contain sufficient factual allegations so as to state a facially plausible claim for

relief. See, e.g., Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). In deciding a Rule 12(b)(6) motion, the Court limits its inquiry to the facts alleged in the complaint and its attachments, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

## III. DISCUSSION

### A.   The Fair Debt Collection Practices Act

Congress's purposes in enacting the FDCPA were "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. Plaintiff claims that Defendant violated §§ 1692f and 1692f.

The relevant sections of § 1692e read as follows:

4

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . . .

(2)  The false representation of--

(A)  the character, amount, or legal status of any debt; . . . .

. . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a customer.

§ 1692e. The relevant section of § 1692f reads as follows:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

§ 1692f.

The Third Circuit evaluates FDCPA claims of false, deceptive or misleading representations under the "least sophisticated debtor [or consumer]" standard. Brown v. Card Serv. Ctr., 464 F.3d 450, 453-54 (3d Cir. 2006). As the Brown court observed,

The least sophisticated debtor standard requires more than "simply examining whether particular language would deceive or mislead a reasonable debtor" because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor. [Wilson v. ] Quadramed[ Corp.], 225 F.3d [350,] 354 [(3d. Cir. 2000)] (internal quotation marks and citation omitted). This lower standard comports with a basic purpose of the FDCPA: as previously stated, to protect "all consumers, the gullible as well as the shrewd,"

5

"the trusting as well as the suspicious," from abusive debt collection practices.

Brown, 464 F.3d at 454. At the same time, the standard retains a measure of objectivity. It "does not go so far as to provide solace to the willfully blind or non-observant." Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294, 299 (3d Cir. 2008). It works to "prevent[] liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." Brown, 464 F.3d at 454 (quoting Quadramed Corp., 225 F.3d at 354-55) (internal quotation marks omitted).

B.   Claims Under the Bankruptcy Code[3]

Under the Bankruptcy Code, a "creditor . . . may file a proof of claim." 11 U.S.C. § 501(a). A "creditor" is an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." § 101(10)(A). "Debt" means "liability on a claim." § 101(12). The Code equates an "order for relief" with the filing of a voluntary bankruptcy. § 301(b). Therefore, "a creditor . . . is

---

[3]      This discussion of the operation of the debt discharge process under the Bankruptcy Code follows the helpful opinion of former Chief Judge of the Bankruptcy Court for the Eastern District of Pennsylvania Bruce Fox in Keeler v. PRA Receivables Management, LLC (In re Keeler), 440 B.R. 354, 359-60 (Bankr. E.D. Pa. 2009).

an entity that holds a prepetition debt or claim against the
debtor." Keeler v. PRA Receivables Mgmt., LLC (In re Keeler),
440 B.R. 354, 360 (Bankr. E.D. Pa. 2009). "[W]hen a debtor
declares bankruptcy, each of its creditors is entitled to file a
proof of claim . . . against the debtor's estate." Id. (quoting
Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549
U.S. 443, 449 (2007)).

The Code defines "claim" as follows:

(A) right to payment, whether or not such right is
reduced to judgment, liquidated, unliquidated, fixed,
contingent, matured, unmatured, disputed, undisputed,
legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of
performance if such breach gives rise to a right to
payment, whether or not such right to an equitable
remedy is reduced to judgment, fixed, contingent,
matured, unmatured, disputed, undisputed, secured, or
unsecured.

11 U.S.C. § 101(5).

Not all claims have equal merit; neither will the
filing of a proof of claim automatically result in payment of
that claim from the estate. Rather, "[o]nce a proof of claim has
been filed, the court must determine whether the claim is
'allowed' under § 502(a) of the Bankruptcy Code." Travelers, 549
U.S. at 449. Section 502 creates a process whereby the debtor
may object to claims. 11 U.S.C. § 502(a). Upon objection, the
bankruptcy court decides whether to allow or disallow the claim.
One reason for disallowance is that "such claim is unenforceable

7

against the debtor . . . under any agreement or applicable law."
§ 502(b)(1). "Therefore, if as of the date of the debtor's
bankruptcy filing a creditor's claim was barred by the
applicable statute of limitations, then the claim must be
disallowed upon objection by a party in interest." In re Keeler,
440 B.R. at 360.

  C. Analysis

    1. Interaction of the Bankruptcy Code and the FDCPA

    Courts in other circuits have disagreed as to whether
filing a proof of claim for a debt on which the statute of
limitations period has elapsed (i.e., a "stale debt" or "time-
barred claim") may give rise to FDCPA liability. Compare
Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1259-62 (11th Cir.
2014) (answering in the affirmative), with Simmons v. Roundup
Funding, LLC, 622 F.3d 93, 96 (2d Cir. 2010) (answering in the
negative). The Third Circuit has not had occasion to provide
guidance on exactly this question. It has, however, adopted an
analytical framework for handling the interaction and potential
conflicts between the Bankruptcy Code and the FDCPA.

    In Simon v. FIA Card Services, N.A., the Third
Circuit, following the Seventh Circuit in Randolph v. IMBS,
Inc., 368 F.3d 726 (7th Cir. 2004) (Easterbrook, J.), held that

    When, as here, FDCPA claims arise from communications
    a debt collector sends a bankruptcy debtor in a
    pending bankruptcy proceeding, and the communications

> are alleged to violate the Bankruptcy Code or Rules,
> there is no categorical preclusion of the FDCPA
> claims. When, as is also the case here, the FDCPA
> claim arises from communications sent in a pending
> bankruptcy proceeding and there is no allegation that
> the communications violate the Code or Rules, there is
> even less reason for categorical preclusion. <u>The
> proper inquiry for both circumstances is whether the
> FDCPA claim raises a direct conflict between the Code
> or Rules and the FDCPA, or whether both can be
> enforced</u>.

<u>Simon</u>, 732 F.3d 259, 274 (3d Cir. 2013) (emphasis added).

The <u>Simon</u> court examined the facts before it to see whether any direct conflicts existed. On one set of claims, the plaintiff debtors alleged that the defendant debt collector had sent subpoenas violating Federal Rule of Bankruptcy Procedure 9016 and Federal Rule of Civil Procedure 45, thus also violating the FDCPA's prohibitions against threatening to take action that cannot legally be taken, 15 U.S.C. § 1692e(5), and falsely representing or implying that documents are legal process, § 1692e(13). <u>Simon</u>, 732 F.3d at 262-64. The court noted that a creditor could comply with both the Bankruptcy Code and the FDCPA, and that the remedies did not conflict. <u>Id.</u> at 279. In other words, both statutory schemes prohibited essentially the same conduct, meaning that creditors would not be confronted with a "Hobson's Choice" between mutually exclusive provisions. Although the Code and the FDCPA imposed different remedies for their respective violations, they could both be enforced without detriment to Congress's purposes. Therefore, the court found no

direct conflict and allowed the plaintiffs' claims to proceed. Id.

On a separate claim in the same case, the plaintiffs alleged that the subpoenas lacked a "mini-Miranda" warning required under the FDCPA in initial debt-collection communications. Id. at 264-65. The court noted that such a warning could potentially violate the Bankruptcy Code's automatic stay provision, which prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement" of the bankruptcy proceeding. Id. at 280 (quoting 11 U.S.C. § 362(a)(6)) (internal quotation marks omitted). If so, "the firm would violate the automatic stay provision of the Bankruptcy Code by including the notice or violate the FDCPA by not including the notice." Id. In other words, the Code required one action and the FDCPA required an opposite action. The court held this to be a direct conflict, meaning that the Code precluded the FDCPA claim. Id.

Here, the parties disagree about whether a direct conflict exists. Defendant contends there is a direct and irreconcilable conflict because the Bankruptcy Code grants creditors the right to file a time-barred proof of claim, while the FDCPA would prohibit such a filing. Def.'s Br. 3-4. Following the Third Circuit's framework in Simon, Defendant argues that this conflict precludes any FDCPA claims and

10

situates all remedies within the exclusive province of the
Bankruptcy Code. Id. at 3-8.[4]

Plaintiff sees no direct conflict: while the
Bankruptcy Code may permit debt collectors to file time-barred
proofs of claim, it does not require them to do so. Therefore,
Plaintiff asserts that "a reputable debt collector may easily
comply with both" statutory schemes--namely by not filing such
proofs of claim. Pl.'s Br. 15.[5]

Applying Simon to these facts does not lead the Court
to a definitive result. In Simon, the two factual scenarios
involved (1) mutually prohibited conduct (yielding no conflict),
and (2) contradictory obligations (yielding a direct conflict).
Here, the Code invests creditors with the right--but not the
obligation--to file time-barred proofs of claim, while the FDCPA

---

[4]     Defendant also argues that Plaintiff has failed to
state a claim under the FDCPA because the time-barred proof of
claim was not deceptive or misleading, and Defendant's filing of
it was not an unfair or unconscionable attempt to collect debt.
See id. at 9-15. Because the Court resolves the motion on other
grounds (i.e., in terms of the tensions between separate
statutory schemes), it need not reach these additional
arguments.

[5]     Plaintiff also alleges that Defendant "has been
sanctioned for this very practice by the federal government."
Am. Compl. ¶ 16 (citing United States v. Asset Acceptance, LLC,
No. 12-182 (M.D. Fla. Jan. 31, 2012) (ECF No. 5)). A brief
perusal of what is in reality a consent decree, however,
confirms that it makes no reference to the "very practice" at
issue here--namely, filing time-barred proofs of claim in a
bankruptcy proceeding.

would oblige creditors <u>not</u> to file them. This rights-versus-obligations dichotomy does not easily fit within the <u>Simon</u> court's direct conflicts framework.[6] Nor is it clear whether, Plaintiff's assertions notwithstanding,[7] the FDCPA and the Code may both be enforced in this situation. <u>Simon</u>, 732 F.3d at 274. Rather, the facts here implicate larger systemic concerns with respect to the two statutory schemes. The Court must therefore look beyond <u>Simon</u> to additional considerations in determining the validity of Plaintiff's claim.

### 2.   Additional Considerations

Because the Third Circuit's holding in <u>Simon</u> is not directly on point, the Court is free to canvass persuasive authorities outside the Third Circuit. Two circuit court

---

[6]      One recent case from the District Court for the Southern District of Alabama--a court outside the Third Circuit which, notably, need not follow the <u>Simon</u> framework--found an "irreconcilable conflict" between the FDCPA and the Code on similar facts. See <u>Johnson v. Midland Funding, LLC</u>, No. 14-322, 2015 WL 1345431, at *6 (S.D. Ala. Mar. 23, 2015) ("The plaintiff is not urging that the defendant 'comply' with both the Act and the Code, she is insisting that the defendant comply with the Act by surrendering its right under the Code to file a proof of claim on a time-barred debt. This is not the vindication of both statutes, it is the negation of one by the enforcement of the other. A clearer demonstration of irreconcilable conflict would be difficult to imagine.").

[7]      Plaintiff finds no problem with simultaneous enforcement of the FDCPA and the Code because creditors can always decline to file time-barred proofs of claim. However, the Bankruptcy Code exists in order to resolve creditor claims, not to avoid them. Plaintiff attempts to avoid a potential conflict by eliminating the whole process.

opinions--from the Eleventh and Second Circuits, respectively--
are particularly relevant for, and their teachings applicable
to, the instant action. The Court will consider them in turn.

In Crawford, the case providing the strongest extra-
Circuit support for Plaintiff's claim, the Eleventh Circuit
found that filing a time-barred proof of claim violated the
FDCPA, primarily because of the potential such filing would have
to mislead the least sophisticated consumer into believing that
the creditor could legally enforce the debt. 758 F.3d at 1260-
61.[8] The court quoted the Seventh Circuit in explaining why the
FDCPA forbids lawsuits to collect on stale debt:

> (1) "few unsophisticated consumers would be aware that
> a statute of limitations could be used to defend
> against lawsuits based on stale debts" and would
> therefore "unwittingly acquiesce to such lawsuits";
> (2) "the passage of time . . . dulls the consumer's
> memory of the circumstances and validity of the debt";
> and (3) the delay in suing after the limitations
> period "heightens the probability that [the debtor]
> will no longer have personal records" about the debt.

Id. at 1260 (alteration in original) (quoting Phillips v. Asset
Acceptance, LLC, 736 F.3d 1076, 1079 (7th Cir. 2013) (Posner,
J.)). Although the concerns in pursuing time-barred claims are
of course present in any context, the Phillips court's key

---

[8]     This risk apparently materialized in Crawford, where
the defendant debt collector filed a proof of claim on a stale
debt and, because neither the plaintiff nor his bankruptcy
trustee objected to it, the trustee ended up paying the debt
from the bankrupt estate. 758 F.3d at 1259.

rationale in the FDCPA context appears to be that unsophisticated consumers will be tricked or coerced into settling the debt in order to avoid the expense of a lawsuit. See Phillips, 736 F.3d at 1079 ("And, even if the consumer realizes that she can use time as a defense, she will more than likely still give in rather than fight the lawsuit because she must still expend energy and resources and subject herself to the embarrassment of going into court to present the defense . . . ." (quoting Kimber v. Fed. Fin. Corp., 668 F. Supp. 1480, 1487 (M.D. Ala. 1987))).[9]

In Simmons, the Second Circuit took the opposite view. There, the court held that filing an inflated proof of claim "cannot serve as the basis for an FDCPA action," primarily because there "is no need to protect debtors who are already under the protection of the bankruptcy court, and there is no need to supplement the remedies afforded by bankruptcy itself." Simmons, 622 F.3d at 95-96. The court noted that the least sophisticated consumers in bankruptcy are adequately protected by the bankruptcy procedures (particularly the objection

---

[9]     The Crawford court also made two observations: (1) if funds are distributed from the estate on a time-barred claim, the estate's ability to pay legitimate debt will be reduced; and (2) the process of filing objections to stale debt consumes "energy and resources" in the bankruptcy proceeding. 758 F.3d at 1261. However, these concerns would have been known to Congress when it enacted the Bankruptcy Code.

process), as well as "the court system and its officers." <u>Id.</u> at
96 (internal quotation marks omitted). Furthermore, the court
pointed to the remedies that bankruptcy provides ("revocation of
fraudulent proofs of claim and the court's contempt power"),
noting that the plaintiff's filing of an FDCPA claim sought to
bypass these remedies illegitimately. <u>Id.</u>

        The <u>Simmons</u> court's rationale wins the day. The
<u>Crawford</u> court rightly sought to ensure that the least
sophisticated consumer is adequately protected from fraudulent
or erroneous proofs of claim. However, while the risk of being
duped into settling a stale debt is especially high for debtors
who are not represented by counsel and who have little
experience with the court system, this risk is attenuated for
debtors in bankruptcy, who are "already under the protection of
the bankruptcy court." <u>Id.</u>;[10] <u>see also</u> <u>id.</u> ("Debtors in
bankruptcy proceedings do not need protection from abusive
collection methods that are covered under the FDCPA because the
claims process is highly regulated and court controlled [and the
debtor is] protected by the court system and its officers."
(internal quotation marks omitted)). Therefore, the <u>Crawford</u>

---

[10]        Indeed, there is no risk that the debtor will be
tricked into settling a time-barred debt in order to avoid a
lawsuit when, as here, she is already party to a legal
proceeding that she initiated in order to "settle" her
outstanding debts.

court's apprehensions are not justified in the bankruptcy
context.

Moreover, the Bankruptcy Code already provides
adequate remedies to address potential creditor misconduct. As
the Ninth Circuit Bankruptcy Appellate Panel has noted,
Bankruptcy Rule 9011 authorizes the bankruptcy court to sanction
a party to the bankruptcy who makes a false representation to
the court. See B-Real, LLC v. Chaussee (In re Chaussee), 399
B.R. 225, 240 (B.A.P. 9th Cir. 2008) ("We are confident that
Rule 9011 provides an adequate remedy for dealing with baseless
proofs of claim."); Fed. R. Bankr. P. 9011. In addition, 11
U.S.C. § 105(a) permits a bankruptcy court to sanction parties
for bad faith conduct and abuse of the claims process. See In re
Chaussee, 399 B.R. at 240-41; 11 U.S.C. § 105(a); see also
Simmons, 622 F.3d at 96 (noting that the remedies available to a
bankruptcy court "include revocation of fraudulent proofs of
claim and the court's contempt power"). Plaintiff does not
explain why these remedies were insufficient, or what justifies
the bypassing of these remedies in favor of the "more
procedurally complicated route of filing an adversary
complaint." In re Chaussee, 399 B.R. at 240.[11]

---

[11]      "Nothing in either the Bankruptcy Code or the FDCPA
suggests that a debtor should be permitted to bypass the
procedural safeguards in the Code in favor of asserting
potentially more lucrative claims under the FDCPA. And nothing

Under these circumstances, the Court will not insert judicially created remedies into Congress's carefully calibrated bankruptcy scheme, thus tilting the balance of rights and obligations between debtors and creditors. See, e.g., Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 510 (9th Cir. 2002) ("[A] mere browse through the complex, detailed, and comprehensive provisions of the lengthy Bankruptcy Code . . . demonstrates Congress's intent to create a whole system under federal control which is designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike." (alteration in original) (quoting MSR Exploration, Ltd. v. Meridian Oil, Inc., 74 F.3d 910, 914 (9th Cir. 1996) (internal quotation marks omitted)).

. . . .

In light of the above, the Court finds that filing a time-barred proof of claim in bankruptcy court "cannot form the basis for an FDCPA claim." Simmons, 622 F.3d at 96.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion to dismiss. An appropriate order follows.

---

in the FDCPA suggests that it is intended as an overlay to the protections already in place in the bankruptcy proceedings." Simmons, 622 F.3d at 96 (quoting Gray-Mapp v. Sherman, 100 F. Supp. 2d 810, 814 (N.D. Ill. 1999)) (internal quotation marks omitted).